UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION
(COLUMBUS)

| | |
|---|---|
| **R. ALEXANDER ACOSTA,**<br>Secretary of Labor,<br>United States Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>**ROBERT WALTON, JR.,**<br>and the **HADSELL CHEMICAL PROCESSING**<br>**SIMPLE IRA PLAN,**<br><br>Defendants. | Case No.<br><br>Judge: |

## COMPLAINT

Plaintiff R. Alexander Acosta, Secretary, United States Department of Labor (the "Secretary"), alleges:

### JURISDICTION AND VENUE

**1.** This action arises under Title I of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1001, *et seq.*, and is brought by the Secretary under ERISA §§502(a)(2) and (5), 29 U.S.C. §§1132(a)(2) and (5), to enjoin acts and practices which violate the provisions of Title I of ERISA, to obtain appropriate equitable relief for breaches of fiduciary duty under ERISA §409, 29 U.S.C. §1109, and to obtain such further equitable relief as may be appropriate to redress violations and to enforce the provisions of Title I of ERISA.

1

2. This court has jurisdiction over this action pursuant to ERISA §502(e)(1), 29 U.S.C. §1132(e)(1).

3. The Hadsell Chemical Processing SIMPLE IRA Plan (the "Plan") is an employee benefit plan within the meaning of ERISA §3(3), 29 U.S.C. §1002(3), which is subject to the provisions of Title I of ERISA pursuant to ERISA §4(a), 29 U.S.C. §1003(a).

4. Venue of this action lies in the District of Ohio Southern Division, Eastern Division (Columbus), pursuant to ERISA §502(e)(2), 29 U.S.C. §1132(e)(2), because the Plan is administered in Waverly, Pike County, Ohio, within this district and division.

5. The Plan is named as a defendant pursuant to Rule 19(a)(1)(A) of the *Federal Rules of Civil Procedure* solely to assure that complete relief can be granted.

## DEFENDANTS AND PARTIES IN INTEREST

6. Hadsell Chemical Processing, LLC ("HCP"), is an Ohio limited liability company, located in Waverly, Ohio, which was started in 2011. HCP ceased operating in approximately February 2017 and filed a petition for chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of Ohio, case no. 2:17-bk-52717, on April 28, 2017.

7. At all relevant times, HCP was the Plan's sponsor; the Plan Administrator; the employer of the employees who were covered by the Plan; a fiduciary to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A); and a party in interest to the Plan within the meaning of ERISA §§3(14)(A) and (C), 29 U.S.C. §§1002(14)(A) and (C).

8. At all relevant times prior to December 21, 2015, Robert Walton Jr. ("Walton"), was the majority member, CEO, and Managing Partner of HCP. Walton exercised control over the Plan's assets by determining whether to remit to the Plan monies that had been withheld from employees'

pay for contribution to the Plan. Therefore, Walton was a fiduciary to the Plan within the meaning of ERISA §3(21)(A), 29 U.S.C. §1002(21)(A), and a party in interest to the Plan within the meaning of ERISA §§3(14)(A), (E), and (H), 29 U.S.C. §§1002(14)(A), (E), and (H).

## THE PLAN

9. The Plan was established March 1, 2015. At all relevant times, the Plan's governing documents provided in pertinent part that participants could make pre-tax contributions to the Plan from their compensation on a bi-weekly payroll basis with a matching contribution from the employer of up to 3% of an employee's annual salary.

10. At all relevant times, HCP has withheld employee contributions from its employees' pay for remittance to the Plan. These withholdings were retained in HCP's corporate bank account until, at Walton's direction, they were remitted to the Plan's account by electronic transfer to American Funds, the Plan's asset custodian.

## COUNT I
## FAILURE TO REMIT AND TIMELY REMIT
## EMPLOYEE CONTRIBUTIONS TO THE PLAN

11. Paragraphs 1 through 10 above are re-alleged and incorporated herein by reference.

12. During the period from March 27, 2015 through November 20, 2015, Walton caused to be withheld $70,861.85 from HCP employees' pay in participant contributions to the Plan and remitted the amounts withheld to the Plan up to 196 calendar days after the pay date.

13. During the period from March 27, 2015 through November 20, 2015, Walton caused HCP to retain in its corporate account $70,861.85 in employee contributions it had

3

withheld from its employees' pay until they were remitted to the Plan and failed to ensure that the withheld contributions were deposited into the employees' Plan accounts in a timely manner.

**14.** During the period from May 8, 2015 through November 20, 2015, Walton caused to be withheld $53,239.95 from HCP employees' pay in participant contributions to the Plan and failed to remit the amounts withheld to the Plan.

**15.** During the period from May 8, 2015 through November 20, 2015, Walton caused HCP to retain in its corporate account $53,239.95 in employee contributions it had withheld from its employees' pay and failed to ensure that the withheld contributions were deposited into the employees' Plan accounts.

**16.** By the conduct described in Paragraphs 11 through 15, Walton:

    **A.** violated ERISA §§403(a) and (c)(1), 29 U.S.C. §§1103(a) and (c)(1), which requires that all assets of an employee benefit plan shall be held in trust and never inure to the benefit of the employer;

    **B**. failed to act solely in the interest of the participants and beneficiaries of the Plan and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of plan administration, in violation of ERISA §404(a)(1)(A) and (B), 29 U.S.C. §1104(a)(1)(A) and (B);

    **C.** caused the Plan to engage in transactions which they he or should have known constituted a direct or indirect transfer to, or use by or for the benefit of, a party in interest, of assets of the Plan, in violation of ERISA §406(a)(1)(D), 29 U.S.C. §1106(a)(1)(D);

    **D**. dealt with assets of the Plan in his own interest in violation of ERISA §406(b)(1), 29 U.S.C. §1106(b)(1); and

      **E.**    acted on behalf of a party whose interests were adverse to the interests of the Plan or the interests of its participants and beneficiaries, in violation of ERISA §406(b)(2), 29 U.S.C. §1106(b)(2).

**17.**    As a direct and proximate result of these breaches committed by defendants, the Plan has suffered injury and losses for which it is entitled to equitable relief, pursuant to ERISA § 409, 29 U.S.C. § 1109.

## PRAYER FOR RELIEF

WHEREFORE, the Secretary prays for judgment:

      **A.**    Permanently enjoining Defendant Walton from violating the provisions of Title I of ERISA;

      **B.**    Ordering Defendant Walton to make good to the Plan any losses, including interest, resulting from fiduciary breaches committed by them or for which they are liable;

      **C.**    Ordering Defendant Walton to correct the prohibited transactions in which he engaged;

      **D.**    Permanently enjoining Defendant Walton from serving as a fiduciary or service provider to any ERISA-covered employee benefit plan;

      **E.**    Awarding the Secretary the costs of this action; and

      **F.**    Ordering such further relief as is appropriate and just.

Respectfully submitted,

/s/ Stephanie D. Adams
STEPHANIE D. ADAMS (0081822)
Trial Attorney

United States Department of Labor
Office of the Solicitor
1240 East Ninth St., Room 881
Cleveland, OH  44199
(216) 522-3877
(216) 522-7172 (Fax)
Adams.stephanie.d@dol.gov

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

CHRISTINE Z. HERI
Regional Solicitor

BENJAMIN T. CHINNI
Associate Regional Solicitor